COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Curt TEICH, Sr., Respondent.

CURT TEICH FOUNDATION, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 16793, 16920.

United States Court of Appeals Seventh Circuit.

Feb. 20, 1969.

Bennet N. Hollander, Mitchell Rogovin, Lee A. Jackson, Jonathan S. Cohen, Attys., Dept. of Justice, Washington, D. C., for Commissioner of Internal Revenue.

Crane C. Hauser, Arthur I. Gould, Roger P. Eklund, Chicago, Ill., for Curt Teich, Sr. and Curt Teich Foundation; Winston, Strawn, Smith & Patterson, Chicago, Ill., of counsel.

Before HASTINGS, Senior Circuit Judge, and SWYGERT and CUMMINGS, Circuit Judges.

PER CURIAM.

We have for review two decisions of the United States Tax Court, Docket Nos. 938–65 and 939–65, filed September 29, 1967. Before the Tax Court, Curt Teich Foundation and Curt Teich, Sr., were separate petitioners and the Commissioner of Internal Revenue was the respondent in each case.

Curt Teich, Sr., donated $1.2 million "blue chip" securities to Teich Foundation in June, 1960. In July, 1960, Teich Foundation purchased for $400 per share,

or an aggregate of $1.14 million, shares of stock of the Teich family corporation, paying therefor out of the proceeds of the sale of the donated securities. Respondent Commissioner stipulated that the fair market value of such Teich family corporation shares was at least $400 per share. Teich Foundation accumulated income during the fiscal years 1959 through 1962.

In 1963, the Commissioner retroactively revoked the Teich Foundation's status as an organization exempt from federal income taxes for the years commencing with its fiscal year ending August 31, 1959 through 1962. The Commissioner also disallowed a gift tax deduction to Teich, Sr. for his gift of securities to the Teich Foundation in June, 1960.

The Tax Court unanimously held that the Teich Foundation was operated exclusively for charitable and educational purposes during the fiscal years in question, and accordingly held that Teich, Sr. was entitled to a gift tax deduction by reason of his 1960 gift of securities to the Teich Foundation. In No. 16793 of the instant review, the Commissioner claims the Tax Court was in error in so holding.

The Tax Court, with two judges dissenting, held that the Teich Foundation unreasonably accumulated its income during the fiscal years 1959 through 1962 and was therefore subject to tax on its income during those years. In No. 17920 of the instant review, the Teich Foundation contends that the Tax Court erred in so holding.

Judge Tannenwald wrote the decision which was reviewed by the entire court. Judges Dawson and Drennen alone dissented as to Issue No. 2, pertaining to the taxability of the accumulated income. This is reported at 48 T.C. Reports 963.

After hearing the oral arguments, examining the record and briefs filed herein and being duly advised in the premises, we find and hold that the Tax Court was correct in its decisions under review and that such decisions should be and now are affirmed. We adopt the opinion of the Tax Court as our own opinion, having concluded that it fully and correctly disposes of the issues now before us.

Petitions for review denied. Decisions affirmed.